DC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALTRIA GROUP, INC.,

        Plaintiff,

- against -

THE UNITED STATES OF AMERICA,

        Defendant.

1:06-cv-09430-RJH-FM

**ORDER**

The parties' pending motions for summary judgment [44] [49] are denied. Having reviewed the parties' comprehensive submissions and the arguments made at oral argument, the Court finds that the parties hold fundamentally different assumptions about the financial effects of the four transactions at issue in this case. These assumptions reflect underlying disputes concerning, *inter alia*, the level of financial risk Phillip Morris Capital Corporation (PMCC) assumed in entering into the transactions, the likelihood that PMCC's counterparties would exercise their purchase option at the end of the initial facilities leases, the counterparties' willingness and ability to offer substitute collateral to access funds held in defeasance accounts, the residual value of leased assets during the "tail" period of PMCC's headleases, PMCC's purposes in entering into the transactions, and the counterparties' purposes in entering into the transactions. As a result, there are genuine factual disputes as to the "substance" of the transactions, *see, e.g.*, *Wolff v. Commissioner*, 148 F.3d 186 (2d Cir. 1998), as well as whether the transactions had "economic substance," *see, e.g.*, *Gilman v. Commissioner*, 933 F.2d 143 (2d Cir. 1991); *Rice's Toyota World, Inc. v. Commissioner*, 752 F.2d 89 (4th Cir. 1985). *See generally AWG Leasing Trust v. United States*, 592 F. Supp. 2d 953 (N.D. Ohio 2008).

The Court has scheduled trial for the week of June 15, 2009. A status conference will be held on April 21, 2009, at 10:30 a.m., in the courtroom of the Honorable Richard J. Holwell, Courtroom 17B, 500 Pearl Street, New York, New York 10007. In anticipation of trial, the parties are directed to meet and confer to determine whether they can agree on a list of the "significant and genuine attributes of the traditional lessor status" relevant in this case. *See Frank Lyon Co. v. United States*, 435 U.S. 561, 584 (1978).

SO ORDERED.

Dated: New York, New York
      March 31, 2009

                                          Richard J. Holwell
                                          United States District Judge